Chase Christopher SEVERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00193–CR.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 12, 2002.

Decided Sept. 6, 2002.

---

1. No such determination was made by the court, and none was requested by the defendant in this case.

R.J. Hagood, Denison, for appellant.

Michael Skotnik, Asst. Dist. Atty., Myles Porter, Fannin County Dist. Atty., Bonham, Mac Cobb, John Neal, Michael McCaul, Austin, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Chase Christopher Severs appeals his conviction by a jury for capital murder. The State did not seek the death penalty; therefore, the trial court assessed the mandatory penalty of life imprisonment. *See* TEX. PEN.CODE ANN. § 12.31 (Vernon 1994). Severs contends the trial court erred in: 1) denying his motion to suppress his videotaped confession; and 2) denying his request to include an instruction on "independent impulse" in the jury charge.

On June 5, 1999, Severs and Tony Daniels abducted sixteen-year-old Chad Whitworth, killed him by shooting him with a .25 caliber pistol, and stole his car. Law enforcement officers found Whitworth's body near a cemetery where Severs had told acquaintances he and Daniels had left it.

Severs was arrested Saturday, June 12, 1999, at his home pursuant to a warrant

issued for an alleged failure by Severs to report to his juvenile parole officer. State and local officers conducted videotaped interviews with Severs on the day of his arrest, as well as on the following Sunday, June 13. At the beginning of the interview on June 12, the officers advised Severs of his rights under *Miranda*.[1] Severs stated he understood those rights, did not request counsel, and indicated he wanted to voluntarily assist the officers by answering their questions. In each interview, the officers questioned Severs about the murder of Whitworth, but Severs denied participating in or having any knowledge concerning the killing.

On the Monday morning of June 14, 1999, Severs was taken before a justice of the peace, who administered the magistrate warning prescribed by TEX.CODE CRIM. PROC. ANN. art. 15.17 (Vernon Supp. 2002). Severs acknowledged he understood the warning. The following day, June 15, 1999, Severs was again interviewed on videotape, this time by an agent with the Federal Bureau of Investigation (FBI). After again being advised of his *Miranda* rights, and after signing a written waiver of those rights, Severs admitted he participated with Daniels in the robbery and murder of Whitworth.

 In Severs' first two points of error, he contends the trial court committed reversible error in denying his motion to suppress his videotaped confession. In this connection, he argues in his brief that, at the time he gave his confession to the FBI agent June 15, he was under arrest for capital murder. However, it is clear from the record his initial arrest June 12 was pursuant to a warrant issued for his alleged failure to report to a juvenile parole officer. The indictment returned against him for the murder of Whitworth

was filed June 29, 1999. At the time he confessed to participation in the murder of Whitworth, Severs was under arrest for an alleged juvenile parole violation, not for capital murder.

Although the trial court denied Severs' motion to suppress his confession, the State did not offer Severs' confession, or any of the videotaped interviews, into evidence during its case-in-chief. Rather, it was Severs who offered all of the videotapes into evidence, including the one containing his confession, after the State had rested. The State then made reference to the confession only in response to Severs' introduction of that evidence.

 The general rule is that, when a defendant offers the same evidence to which such defendant objected earlier, that defendant is not in a position to complain on appeal. *Maynard v. State*, 685 S.W.2d 60, 65 (Tex.Crim.App.1985). This principle is better known as the doctrine of curative admissibility. *Id.* There exists, however, a corollary to this rule: that the harmful effect of improperly admitted evidence is not cured by the fact the defendant sought to meet, destroy, or explain it by the introduction of rebutting evidence. Such testimony does not act as a waiver of the right to challenge the admissibility of the evidence originally admitted. *Id.; Evers v. State*, 576 S.W.2d 46, 48 (Tex.Crim.App. [Panel Op.] 1978); *Alvarez v. State*, 511 S.W.2d 493, 498–99 (Tex.Crim.App.1973); *Nicholas v. State*, 502 S.W.2d 169, 174–75 (Tex.Crim.App.1973). In this case, Severs objected to the evidence of the confession by filing a motion to suppress the evidence; however, he later introduced this same evidence at trial even though the State never sought to introduce the evidence during its case-in-chief. Despite Severs' contention in his brief that he was

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

"implicitly forced" to introduce the videotapes, he directs this Court to no evidence or circumstances supporting this contention and a review of the record does not support it. It is clear the State did not rely on the videotapes and, because the State did not admit into evidence the confession or make any reference to the confession, Severs had nothing to explain or rebut.

By having filed a motion to suppress, Severs preserved any error the trial court may have committed in denying the motion. *Fuller v. State*, 827 S.W.2d 919, 930 (Tex.Crim.App.1992); *see Livingston v. State*, 739 S.W.2d 311, 335 (Tex.Crim.App. 1987). However, Severs waived any such error by admitting into evidence the very evidence he objected to and sought to preclude from the trial in his motion to suppress. Severs may not challenge the trial court's denial of his motion to suppress, because he introduced the very evidence he sought to exclude. *See Maynard*, 685 S.W.2d at 65. We overrule Severs' first two points of error.

■ In Severs' third point of error, he contends the trial court erred in refusing to include an instruction in the jury charge concerning "independent impulse." Before the trial court submitted the case to the jury, Severs objected to the jury charge and requested the following instruction be added to the charge:

> You are instructed that if there was a common design and attempt by and between Tony LaKeith Daniels and the defendant, Chase Christopher Severs, to commit the offense of aggravated robbery, or murder, or capital murder, or, if the offenses, if any, were committed by Tony LaKeith Daniels acting independently of Chase Christopher Severs in doing so, and without the participation or anticipation of Chase Christopher Severs in the common design and intent

to commit it, then Chase Christopher Severs is not guilty. If you have a reasonable doubt as to this issue, you must give Chase Christopher Severs the benefit of the doubt and find him not guilty of the offenses of aggravated robbery, murder, and capital murder.

The trial court overruled the objection and denied the request.

The Texas Court of Criminal Appeals, shortly before the submission of this case to the jury, expressly overruled its earlier case of *Mayfield v. State*, 716 S.W.2d 509 (Tex.Crim.App.1986), to the extent it held a defendant was entitled to an "independent impulse" instruction in a conspiracy liability case when raised by the evidence. *Solomon v. State*, 49 S.W.3d 356, 368 (Tex. Crim.App.2001). In *Solomon*, the court, relying on its holding in *Giesberg v. State*, 984 S.W.2d 245 (Tex.Crim.App.1998), in which the court stated that defendants were not entitled to a defensive instruction on "alibi" because alibi was not an enumerated defense in the Texas Penal Code, and the issue was adequately accounted for within the general charge to the jury, held that a defendant is not entitled to an "independent impulse" instruction in a case involving conspiracy liability. *Solomon*, 49 S.W.3d at 368. The court held the appellant was not entitled to an instruction on the defensive issue of "independent impulse" because it is not an enumerated defense in the Texas Penal Code and the issue was adequately addressed within the general charge to the jury. *Id.*

■ Severs contends his case is distinguishable from *Solomon* because *Solomon* involved an instruction on the law of conspiracy and this case involves the law of parties, and the general charge is not adequate to cover the issue. *Id.* Severs' reliance is misplaced. In *Mayfield*, the court overruled the court of appeals, who held the trial court erred in failing to include an

instruction on "independent impulse," holding that Mayfield, whom the state charged and convicted as a party, was not entitled to an instruction in the charge on "independent impulse," distinguishing the law of parties from conspiracy liability. *Mayfield,* 716 S.W.2d at 516–17. Solomon, relying on *Mayfield,* contended he was entitled to an instruction on independent impulse because he was charged under a conspiracy theory. The court, however, overruled *Mayfield* to the extent it required an independent impulse instruction in conspiracy cases, affirming its decision in *Giesberg* that defendants are not entitled to instructions on defensive theories not enumerated in the Texas Penal Code when the issue is adequately accounted for within the general charge to the jury. *Solomon,* 49 S.W.3d at 367–68; *Giesberg,* 984 S.W.2d at 249; *Mayfield,* 716 S.W.2d at 515.

We see no reason to distinguish the instant case from the Texas Court of Criminal Appeals cases holding defendants are not entitled to instructions on defensive theories not enumerated in the Texas Penal Code. The trial court included the following language regarding parties in the charge:

> All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to any offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.
>
> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone

will not constitute one a party to an offense.

The general jury charge in this case adequately addressed the issue of "independent impulse." We hold there is no meritorious distinction between this case and *Solomon.* An instruction on "independent impulse" is "merely a negation of elements in the State's case," and "its inclusion would be superfluous, and in fact, would be an impermissible comment on the weight of the evidence." *Solomon,* 49 S.W.3d at 368. The jury charge in this case adequately covered the issue. We overrule Severs' third point of error.

We affirm the judgment.